961 F.2d 963
 295 U.S.App.D.C. 209
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Rebecca L. BOEDKER, Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee.
 No. 91-1277.
 United States Court of Appeals, District of Columbia Circuit.
 April 24, 1992.
Rehearing and Rehearing En Banc
Denied June 29, 1992.
 
 Before RUTH BADER GINSBURG, STEPHEN F. WILLIAMS and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the Federal Communications Commission and on the briefs and oral arguments of counsel. The court is satisfied, after full review of the matter, that appropriate disposition of the issues presented does not require an opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 Calling this "a close case," the Commission stressed that rival applicant Zurick's "record of civic activities is manifestly more extensive than that of Boedker." We have no warrant, on the record before us, to reject that assessment. Appellant's argument that the Commission improperly failed to award her an enhancement for her longer residence within the principal community of license, as against Zurick's longer residence in the service area, citing Renee Marie Kramer, 5 FCC Rcd. 5749 (1990), affirmed sub nom. Joyner Communications Ltd. Partnership v. FCC, 946 F.2d 1565 (D.C.Cir.1991) (table), compels no contrary result. As counsel for the Commission pointed out at oral argument, the Kramer case was not relied on during the proceedings below. The "service area" applicant in Kramer lived 40 miles away, in a large city, while the principal community of license was a small, rural town. The total service area at issue here is only 17 miles square, and from all that appears in the record is quite homogeneous. The path the Commission implicitly followed in recognizing the distinctions between the two situations is of adequate clarity. Bowman Transp. Inc. v. Arkansas-Best Freight Sys., Inc., 419 U.S. 281, 285-86 (1974). It is therefore
 
 
 3
 ORDERED and ADJUDGED that the Commission's order granting Zurick's application and denying Boedker's competing application be affirmed.
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15(b)(2).